UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MARIO RANGE,

        Petitioner,

v.                                  No. 2:09-CV-10945

MARY BERGHUIS,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S "MOTION TO HOLD IN ABEYANCE," STAYING PROCEEDINGS, VACATING THE "ORDER REQUIRING A RESPONSE," AND ADMINISTRATIVELY CLOSING CASE

Petitioner Thomas Mario Range, a state prisoner currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges the constitutionality of his conviction for first-degree home invasion, as found by a jury following trial in the Wayne County Circuit Court in 2006. Petitioner was sentenced as a fourth habitual offender to 15 to 30 years imprisonment. He completed direct appeals in the state courts on January 8, 2008. Now pending before the court is Petitioner's "Motion to Hold in Abeyance," filed contemporaneously to his habeas petition on March 13, 2009. In his motion, Petitioner explains that he wants to return to the state courts and exhaust his remedies as to additional claims. Because the court will grant Petitioner's motion, the court will stay the proceedings, vacate the "Order Requiring a Response," and administratively close the case.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state courts' adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this court. Otherwise, this court is unable to apply the statutory standard.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that he has exhausted state remedies. *Rust*, 17 F.3d at 160.

In his motion, Petitioner states that all of his current habeas claims have been exhausted in the state courts, but he wishes to pursue collateral review on additional claims concerning the effectiveness of trial and appellate counsel, his confrontation rights, exculpatory evidence, the admission of evidence, and the timeliness of his arraignment in the state courts and then proceed in federal court on habeas review as necessary.  A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern.  Stay and abeyance is only appropriate when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless."  *Id*. at 277.

In this case, Petitioner has shown the need for a stay.  His additional claims are unexhausted, and the one-year limitations period applicable to habeas actions could present a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).  Petitioner's convictions became final ninety days after the Michigan Supreme Court denied leave to appeal – on or about April 7, 2008.  He dated the instant petition March 10, 2009.  Thus, only a few weeks of the one-year period remain.  Additionally, Petitioner appears to raise a newly-discovered evidence issue that may have been unknown to him during his prior state

3

proceedings, and he claims that trial and appellate counsel were ineffective for failing to raise certain claims. Because these unexhausted claims concern federal constitutional law and are not "plainly meritless," Petitioner has shown good cause for previously failing to present his unexhausted claims to the state courts. In addition, there is no evidence of intentional delay on the part of Petitioner. Therefore, the court will grant Petitioner's motion and stay the proceedings.

Because there is no need for a response to Petitioner's petition at this time, the court will also vacate the "Order Requiring a Response" and direct the Clerk of the Court to administratively close the case. Accordingly,

IT IS ORDERED that Petitioner's "Motion to Hold in Abeyance" [Dkt. # 3] is GRANTED, and this case is STAYED. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **sixty (60) days** of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this court with an amended petition, using the same caption and case number, within **sixty (60) days** of exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

IT IS FURTHER ORDERED that the "Order Requiring a Response" [Dkt. # 2] is VACATED.

4

Finally, IT IS ORDERED that the Clerk of the Court is DIRECTED to administratively close this matter pending compliance with the conditions of this order. Nothing in this order shall be considered a dismissal or disposition of this matter.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522